UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.   3:19-CR-104 |
| | ) | |
| JAMES WILLIAM THOMAS | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se* "Motion for a Sentence Reduction Under 404 of the First Step Act and 18 U.S.C. 3582(c)(1)(B)," as supplemented. [Docs. 13, 16]. Also before the Court is the defendant's *pro se* request for the Clerk of Court to advise him of the disposition of nine of his prior state criminal cases. [Doc. 18].

The United States has responded in opposition to the defendant's sentence reduction motion. [Doc. 17]. The defendant has submitted a reply. [Doc. 19]. For the reasons that follow, each of the defendant's motions will be denied.

I.     **Procedural Background**

In 2009, the Honorable United States District Judge Gregory Van Tatenhove of the Eastern District of Kentucky sentenced the defendant to a 180-month term of imprisonment, to be followed by eight years of supervised release, for the crime of possessing five grams or more of cocaine base with the intent to distribute. [Doc. 1, Ex. 2].[1] In May 2019, pursuant to Section 404 of the First Step Act, Judge Van Tatenhove *sua*

---

[1] Throughout his filings [docs. 13, 16], the defendant claims that he received a five-year term of supervised release. That is not correct. An eight-year term of supervised release was imposed. [Doc. 1, Ex. 2].

*sponte* reduced the defendant's prison sentence to time served (approximately 133 months) but left the eight-year supervision term in place. [Doc. 1, Ex. 3, docket entries 109 and 110]. Supervised release jurisdiction was transferred to this Court the following month. [Doc. 1].

A petition for revocation of the defendant's supervised release was docketed on September 2, 2021. [Doc. 2]. That petition alleged numerous violations of supervised release conditions, from inadequate and deceptive communication with the probation officer to arrests for violation of a protective order, domestic assault, and simple possession/casual exchange.

An agreed order of revocation (signed by the defendant) was entered on November 15, 2021. [Doc. 12]. That order imposed a prison sentence of 14 months, to be followed by four years of supervision. The defendant is serving that sentence at FCI McDowell with a projected release date of August 31, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 13, 2022).

## II. Issues Presented

By his First Step Act motion, the defendant requests immediate release from his agreed-upon revocation sentence. He argues that Judge Van Tatenhove erred by not reducing the supervised release term to three years. The defendant further contends, without citation or developed argumentation, that if sentenced today he would no longer be a Career Offender. Lastly, the defendant argues that in calculating his potential revocation penalties, this Court erred in treating his underlying offense of conviction as a

2

Class B felony subject to a higher maximum revocation sentence, rather than as a Class C felony subject to a maximum revocation sentence of only 24 months. *See* 18 U.S.C. § 3583(e)(3).[2]

The defendant also moves for the Clerk of Court to mail him the disposition of nine "old cases." According to the defendant, "the case manager said I could not get halfway house until he knows the disposition of these old cases." [Doc. 18].

### A.     **First Step Act**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One of those narrow exceptions is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, is one such statute.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair

---

[2] It bears restating that this Court imposed an agreed-upon revocation sentence of only 14 months.

3

Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).

Prior to the Fair Sentencing Act, 21 U.S.C. § 841 (as applied to the present defendant) mandated an enhanced sentence of at least ten years to Life imprisonment for violations of section 841(a)(1) involving 5 grams or more of cocaine base, to be followed by at least eight years of supervised release. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2009). However, since the enactment of the Fair Sentencing Act, the 841(b)(1)(B)(iii) penalties now apply only to offenses involving 28 grams or more (but less than 280 grams) of cocaine base. *See* 21 U.S.C. § 841(b) (2018). Offenses involving less than that quantity are now subject to (as applied to this defendant, who has a prior conviction for a felony drug offense) an enhanced sentence of zero to 30 years' imprisonment followed by at least six years of supervised release. *See* 21 U.S.C. § 841(c) (2018); *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

The instant defendant was found guilty of an offense involving five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for that offense. *See* Fair Sentencing Act, 124 Stat. 2372. The First Step Act made those modifications applicable to the present defendant. For that reason, Judge Van Tatenhove reduced the defendant's prison sentence but, within his discretion, chose not to reduce the term of supervised release.

4

By the instant First Step Act motion, the defendant seeks further relief under that statute. That he cannot do. "No court shall entertain a motion made under [Section 404 of the First Step Act] to reduce a sentence if the sentence was previously imposed *or previously reduced* in accordance with" Section 404 of that legislation. *See* First Step Act, § 404(c). This defendant's sentence has already been "previously reduced in accordance with" Section 404 of the First Step Act. The defendant cannot get a second bite at that apple. For this reason alone, his First Step Act motion must be denied.[3]

Further, the defendant does not explain how his Career Offender status would now impact his current revocation sentence, and this Court will not invent such arguments for him. And Judge Van Tatenhove did not err by not reducing the term of supervised release to three years. As noted above, after enactment of the First Step Act this defendant is subject to an enhanced supervised release term of *at least* six years. Within his discretion, Judge Van Tatenhove chose to leave the eight-year supervision term in place. That choice was not error, and the defendant's poor conduct on supervised release indicates that Judge Van Tatenhove's decision was indeed a wise one.

B. **Class B or Class C Felony**

Next, this Court did not err in treating the defendant's offense of conviction as a Class B felony. A Class B felony is an offense subject to a maximum term of imprisonment

---

[3] Were the motion instead construed as an attempt to appeal Judge Van Tatenhove's May 2019 ruling, or as a motion to correct that ruling, such attempt would be untimely. *See* Fed. R. App. P. 4(b); Fed. R. Crim. P. 35(a).

of 25 years or more. *See* 18 U.S.C. § 3559(a)(2). As noted above, this defendant's offense of conviction carries, post-First Step Act, a maximum sentence of 30 years.

### C. Disposition of Prior State Cases

Lastly, the defendant moves for the Clerk of Court to supply him with the disposition of nine of his prior state cases. Neither this Court, nor its Clerk of Court, has that information. The defendant's request must accordingly be denied.

## III. Conclusion

For the reasons provided herein, the defendant's pending motions [docs. 13, 18] are **DENIED**.

        **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge